IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| KENNETH METCALF, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Acting | * | No. 3:17cv00174-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Kenneth Metcalf, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and the Complaint should be DISMISSED.

Plaintiff is almost fifty years old. (Tr. 38.) He testified he went as far as the twelfth grade in school. (Tr. 39.) He has past relevant work as a heating, ventilation, and air conditioning mechanic and conveyor maintenance mechanic. (Tr. 15.)

The Administrative Law Judge[1] (ALJ) found Mr. Metcalf had not engaged in substantial gainful activity since February 2, 2014, the alleged onset date. (Tr. 11.) He has "severe" impairments in the form of "lumbar spine spondylosis, cervical spine degenerative disc disease, and carpal/cubital tunnel syndrome (status post repair)." (*Id.*) The ALJ further found Mr. Metcalf did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (*Id.*)

The ALJ determined Mr. Metcalf had the residual functional capacity to perform a reduced range of light work given his physical impairments. (Tr. 12.) The ALJ determined Mr. Metcalf could no longer perform his past work, so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. Based on the testimony of the vocational expert, the ALJ determined Mr. Metcalf could perform the jobs of circuit board repairer and reworker - electrical components, despite his limitations. (Tr. 16, 58-62.) Accordingly, the ALJ determined Mr. Metcalf was not disabled. (Tr. 17.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ's residual functional capacity assessment is not supported by the evidence. (Doc. No. 11 at 19-22.) Plaintiff largely believes the ALJ failed to develop the record in making this assessment. (*Id.*) Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed. Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither and I find this argument to be without merit.

Mr. Metcalf clearly suffers from some level of pain and limitation. But after carefully considering the ALJ's opinion, the medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence. The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing light work. In coming to this conclusion, the ALJ considered the medical records and the opinions from medical professionals. (Tr. 12-15.) And in his opinion, the ALJ fairly set out the rationale for his conclusions. (*Id.*)

Plaintiff's own testimony fails to support his claim of complete disability. After he was fired for an altercation with another employee, it appears he was unable to perform other *heavy* exertional work. (Tr. 41-42.) There is no objective evidence to support a claim that Plaintiff was incapable of performing light work activities.

Plaintiff's claims about extreme limitation are largely based on his subjective complaints rather than the medical evidence. Given the lack of objective medical evidence in support of

Plaintiff's allegations, the conservative treatment prescribed, and the lack of lasting restrictions placed on Plaintiff by his physicians, the ALJ could correctly discount these subjective complaints. *See Thomas v. Sullivan*, 928 F.2d 255, 259-60 (8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989). The inconsistencies between the medical evidence and the Plaintiff's subjective complaints gave reason to discount those complaints. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989). The ALJ stated, ". . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. . . ." (Tr. 15.) I find this conclusion to be supported by substantial evidence.

Additionally, the record reveals Plaintiff never followed his doctors' instructions with regard to participating in physical therapy. Failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989).

Plaintiff also argues that the Commissioner committed reversible error by not considering the additional evidence submitted to the Appeals Council. (Doc. No. 11 at 22-23.) The Appeals Council stated, "You submitted evidence from Spencer H. Guinn, M.D. dated September 7, 2016 to October 5, 2016 (6 pages). The Administrative Law Judge decided your case through July 11, 2016. This additional evidence does not relate to the time period at issue." (Tr. 2.) Although Plaintiff makes a good argument that this evidence relates to an ongoing impairment, I find no error here. The evidence in question fails to support a claim of disability. (Tr. 25-29.) It appears Plaintiff's procedure was a success but it would likely take a year to determine the full impact from his carpal and cubital tunnel release. (Tr. 28.) Dr. Guinn reported, "He already has full active

4

range of motion of his fingers.  He has decreased light touch to the tips." (Tr. 26.)  Based on Dr. Guinn's report, I find no basis to reverse the Commissioner on this point.

Plaintiff has advanced other arguments which I find are without merit.  Mr. Metcalf's counsel has done an admirable job of advocating for Plaintiff.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 21st day of December, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE